Filed 1/4/23  P. v. Delariva CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D080611 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SWF005363) |
| MARIA DELARIVA, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Riverside County, John D. Molloy, Judge.  Affirmed.

Eric R. Larson, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

This is an appeal from the denial of appellant's second petition for resentencing filed pursuant to Penal Code[1] section 1172.6.

---

1  All further statutory references are to the Penal Code.

In 2008, a jury convicted Maria Delariva of first degree murder (§ 187, subd. (a)). She was sentenced to an indeterminate term of 25 years to life in prison.

Delariva appealed and this court affirmed the judgment in an unpublished opinion. (*People v. Delariva* (Mar. 4, 2010, D055325).)

In 2019, Delariva filed her first petition for resentencing under section 1172.6. The trial court summarily denied the petition, finding Delariva had been prosecuted as a direct aider and abettor in the murder. She appealed the denial of her petition. Appellate counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). This court affirmed the denial of her petition in another unpublished opinion. (*People v. Delariva* (Sept. 25, 2019, D076190).)[2]

In 2022, Delariva filed a second petition for resentencing under section 1172.6. The court appointed counsel, reviewed the record of conviction, and held a hearing. The court again found Delariva was a direct aider and abettor. The jury was not instructed on felony murder or the doctrine of natural and probable consequences.

Delariva filed a timely notice of appeal.

Appellate counsel has filed another *Wende* brief and asks the court to review the record for error as mandated by *Wende*. We again offered Delariva the opportunity to file her own brief on appeal, but she has not responded.

As we did with our first *Wende* review, we will not repeat the facts of the offense here.

_____

[2] We have granted appellate counsel's request for judicial notice of the court's records in case Nos. D055325 and D076190.

DISCUSSION

As we have noted, appellate counsel has filed a *Wende* brief and asks the court to review the record for error. To assist the court in its review, and in compliance with *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel has identified a possible issue that was considered in evaluating the potential merits of this appeal: Whether the trial court erred in summarily denying the petition in light of the changes made to section 1172.6 in Senate Bill No. 775.

We have reviewed the entire record as required by *Wende* and *Anders*. We have not discovered any arguable issues for reversal on appeal. Competent counsel has represented Delariva on this appeal.

DISPOSITION

The order denying Delariva's second petition for resentencing under section 1172.6 is affirmed.

HUFFMAN, Acting P. J.

WE CONCUR:

O'ROURKE, J.

IRION, J.

3